IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN A. KEMPER, SR and BARBARA L. KEMPER, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-CV-2037-SMY-RJD ) ) |
| FOREST RIVER INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiffs' Motion to Remand (Doc. 8) to which Defendant responded (Doc. 15). For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiffs filed suit on October 14, 2016 in the Circuit Court of Clark County, Illinois, claiming they were sold a defective camper that was manufactured by Defendant Forest River, Inc. (Doc. 1-2). They assert three claims pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. In an Affidavit attached to the Complaint, Plaintiffs certify that they seek damages in excess of $50,000.

On September 13, 2017, Plaintiff served expert disclosures identifying Phillip J. Grismer as an expert and providing an electronically (i.e. /s/) signed expert report setting forth Plaintiffs' damages in the amount of $58,435.24, which represents the actual retail value of the camper (Doc. 9-1). Plaintiffs indicated that they would be supplementing the report by providing a hand-signed version and a copy of Exhibit A to the report. Plaintiffs subsequently served the supplemented

report, on October 1, 2018 (Doc. 1-1, p. 1). There was no change to the substance. Defendant then removed the case to this Court on October 31, 2017.

## Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Typically, a notice of removal must be filed within 30 days of service of the Complaint and Summons. 28 U.S.C. § 1446(b). If the action is not initially removable based on the original Complaint, it can be removed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3). The removal statute is construed narrowly, and any doubts concerning removal are to be resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Unlike most cases involving a federal question, claims brought under the Magnuson-Moss Warranty Act are subject to a threshold jurisdictional amount:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims
>
>> (1) Subject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>>
>>> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>>> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection
>
> \*\*\*
***

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
>> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

*Id.* 15 U.S.C. § 2310(d). Thus, a plaintiff bringing a claim under the Act can file suit in federal court if the jurisdictional amount is $50,000 or more.

Defendant argues that this matter first became removable when it received the final version of Plaintiffs' expert witness report setting forth damages in excess of $50,000. That report, however, was served on Defendant on September 13, 2018, even though the supplement to the report was not served until October 1, 2018. The supplement did not change the substance of the report – it merely added the expert's hand-written signature and an exhibit. As such, Defendant was served with a document from which it could "first be ascertained" that federal jurisdiction existed on September 13, 2018. In other words, the supplement that was served on September 13, 2018 constitutes "other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

This matter should have been removed no later than October 13, 2018, and Defendant's Notice of Removal, filed on October 31, 2018, is untimely. Accordingly, this case is **REMANDED** to the Circuit Court of Clark County, Illinois.

**IT IS SO ORDERED.**

**DATED: April 5, 2019**

**STACI M. YANDLE
United States District Judge**